THOMSON–HOUSTON ELECTRIC CO. v. UNION RY. CO.

(Circuit Court, S. D. New York. February 7, 1898.)

1. PATENTS—COMBINATIONS—OPERATIVENESS.
  A combination claim will not be held invalid as inoperative merely for want of a device necessary to make it operative automatically, if it be otherwise operative.

2. SAME—DELAY IN FILING DISCLAIMERS.
  Delay in filing disclaimers as to claims found invalid by the circuit court of appeals on appeal from an order granting a temporary injunction *held* excusable on the ground that the patent owner might reasonably decline to finally relinquish the claims until it had opportunity to apply to the supreme court for a review on certiorari, which application would be useless on an appeal from an order.

3. SAME—CONTACT DEVICES FOR ELECTRIC RAILWAYS.
  The Van Depoele patent, No. 495,443, for an improvement in traveling contacts for electric railways, covers, in claims 2 and 4, only the combination of the car and conductor, with an under-running trolley capable of swinging freely on a vertical axis, and thus adapted to curves and irregularities in the conductor; and these claims are not invalid, either for inoperativeness or by reason of being previously patented to the same inventor.

This was a suit in equity by the Thomson-Houston Electric Company against the Union Railway Company for alleged infringement of letters patent No. 495,443, granted April 11, 1893, to the administrators of Charles J. Van Depoele, for an improvement in traveling

contacts for electric railways. The cause was heard upon motion for a preliminary injunction under claims 2 and 4 of the patent.

F. H. Betts and F. P. Fish, for the motion.

W. C. Witter and Charles E. Mitchell, opposed.

LACOMBE, Circuit Judge. The circumstance that these two claims were not expressly declared upon in the Winchester Ave. Ry. Co. Case, decided by Judge Townsend (71 Fed. 192), is not controlling. In Westinghouse Air-Brake Co. v. New York Air-Brake Co., 65 Fed. 99, a preliminary injunction was granted by this court on patent No. 360,070, although it had not been previously adjudicated, on the ground that in the earlier litigation it had been "discussed at great length, and its meritoriousness clearly recognized." And that injunction was sustained in the court of appeals. 16 C. C. A. 371, 69 Fed. 715. It is perfectly plain from an examination of the opinion of Judge Townsend and the voluminous record upon which it was based that the very combination covered by claims 2 and 4, viz. the overhead conductor and the trailing arm hinged and pivoted to the car so as to bridge the space between it and the conductor, with a contact device at its upper end, capable of being pressed upwardly into engagement with the conductor, was fully considered by him, and held to be a most meritorious invention, and Van Depoele its inventor. It is thought that the decision of the court of appeals in this circuit in the Hoosick Ry. Co. Case, 82 Fed. 461, has not affected the weight of the Winchester Ave. Ry. Co. decision so far as it deals with the questions of invention and priority. The court of appeals held that claims 6, 7, 8, 12, and 16 of the patent here sued on were invalid, because the particular combination or combinations which those claims covered had been already patented by Van Depoele in his earlier patent No. 424,695; and this was all that it held. The complainant therefore comes into this court with the presumption arising from those judicial conclusions in the Winchester Ave. Ry. Co. Case, which the court of appeals did not disturb.

The two claims now declared on are as follows:

"(2) The combination of a car, an overhead conductor above the car, a contact device, making underneath contact with the conductor, and an arm carried by the car, and carrying the contact device, and pivoted so as to swing freely around a vertical axis."

"(4) The combination of a car, an overhead conductor above the car, a contact device, making underneath contact with the conductor, and an arm on the car, movable on both a vertical and a transverse axis, and carrying the contact device."

In the Hoosick Ry. Co. Case double patenting was found, because each of the claims therein considered contained in some form of words a reference to a "spring" or "weight" or "weighted spring" or "tension spring" or "spring device," one of whose two functions was to centralize the depressed end of the trolley, and the other was to give the upward pressure to the contact end.

The two claims above quoted contain no words which can be tortured into any such reference. Manifestly, they were intended to cover, and do cover, only the combination of the car and conductor,

with an under-running trolley capable of swinging freely on a vertical axis, and thus adapted to curves and irregularities in the conductor. And Judge Townsend held that Van Depoele was the first to make practicable the electrical propulsion of an electric railway by "a long, rigid arm upwardly pressed, and capable of universal movement." The defendant contends that the weighted spring, which is the only means for imparting upward pressure disclosed in the patent, must be read into those claims, for the reason that without it the claims would cover "inoperative and useless" combinations. It seems unnecessary to discuss the authorities cited by complainant in opposition to this contention. Deering v. Harvester Works, 155 U. S. 286, 15 Sup. Ct. 118; Taylor v. Spindle Co., 22 C. C. A. 203, 75 Fed. 301; Holloway v. Dow, 54 Fed. 511. Although an additional device may have to be added to make the combination operative automatically, it is none the less operative without such addition. A boy seated on the roof of the car could impart the upward pressure, not as economically nor as well as the weighted spring would, but quite sufficiently to insure the operation of the combination expressed in the claim. It must be concluded, then, that claims 2 and 4 do not cover a spring or weight or tension device, and it is conceded that they contain no switching device. In the earlier patent no claim is to be found which does not contain either the spring or weight or the switching device. It would seem, then, that these claims certainly are not obnoxious to the criticism of the court of appeals, and that no "double patenting" is shown; and since the meritoriousness of the invention and Van Depoele's priority was found by Judge Townsend in the Winchester Ave. Ry. Co. Case, complainant should be entitled to hold what it has established after long and expensive litigation, unless the case presented here is changed by evidence not before the court in that case. I cannot see that the Hunter and Deligny patents, which are the only new ones, are any more of an anticipation than were those introduced in the Winchester Ave. Ry. Co. Case.

It is further contended that complainant has unreasonably neglected and delayed to enter a disclaimer of claims 6, 7, 8, 12, and 16 of the patent in suit, which were held void by the court of appeals. That decision, however, was rendered upon an appeal from an order, and complainant is naturally averse to finally relinquishing these claims until it may have had an opportunity to apply to the supreme court for a certiorari,—an application which it is useless for it to make, when only a preliminary order is involved. There seems to be good ground for delaying disclaimer.

The argument that by its disclaimer of claim 9 complainant has disclaimed the entire invention of the patent, which is therefore wholly void, is unfortified by authority and unpersuasive.

Infringement cannot be seriously disputed. Defendant's device is practically a duplication of that used by Van Depoele in New Orleans in 1885. Complainant may take order for injunction pendente lite, but, when issued, its operation may be stayed for 30 days, to give defendant an opportunity to review this decision at this term of the court of appeals.