## KIP-ARMSTRONG CO. v. KING PHILIP MILLS.

### (Circuit Court, D. Massachusetts. April 20, 1904.)

#### No. 1,476.

1. PATENTS—CONSTRUCTION OF CLAIMS—"ROTARY" PART.
    The word "rotary," used in a claim of a patent to describe an element of a combination, does not necessarily imply a continuous rotation of the part, so as to make it necessary to limit the claim by reading into it as an additional element mechanism for such rotation, but is properly descriptive if the part is capable of being rotated by hand or otherwise.

2. SAME—INFRINGEMENT—WARP STOP-MOTION FOR LOOM.
    The Baker patent, No. 595,688, for a warp stop-motion for looms, claim 5, construed, and held not anticipated, valid, and infringed.

In Equity. Suit for infringement of letters patent No. 595,688 for a warp stop-motion for looms, granted to William H. Baker, December 21, 1897. On final hearing.

Harold Binney, for complainant.
Charles F. Richardson, for respondent.

HALE, District Judge. This suit in equity involves the construction and alleged infringement of a patent to William H. Baker, No. 595,688, dated December 21, 1897, for a warp stop-motion for looms. The fifth claim of the patent is in issue. It is as follows:

"(5) In an electrical warp stop-motion for looms, the combination with the thread-supported circuit-closers, of a rotary contact-bar for said circuit-closers to engage, a circuit embracing said bar and closers, and electrically-controlled clutch-shipping mechanism."

The specification describes the invention as follows:

"This invention relates to means for automatically stopping a loom upon the breakage of a warp-thread therein; and it has for its object to provide simple and effective electro-mechanical means whereby the clutch which connects the driving-shaft of the loom with a loose driven pulley thereon may be automatically disconnected upon the breakage of a warp-thread."

The mechanism thus brought before the court is for the purpose of automatically stopping the operation of a loom upon the breakage of a warp-thread. Each warp-thread supports a metallic circuit-closer, which, when the warp-thread breaks, drops upon the top of a metallic contact-bar. This fallen circuit-closer and the contact-bar co-operate and complete an electrical circuit, by the operation of which with an electro-magnet a clutch-shipping mechanism is put in motion, which stops the loom. It will be seen that the claim presents upon the face of it four elements: (1) The thread supported circuit-closers; (2) the rotary contact-bar for said circuit-closers to engage; (3) a circuit embracing the contact-bar and closers; (4) an electrically controlled clutch-shipping mechanism. The defenses are that the patent is invalid, that it has been anticipated, and that it has not been infringed. The great force of contention in the case is placed upon the meaning of the second element in the claim, namely, the rotary contact-bar. The learned counsel for the defendant contends that in the words "rotary contact-bar" there is implied the element that it should be continuously

rotated by a belt. To sustain this contention he calls special attention to the following description in the specification:

"The contact-piece which co-operates with the contact-arms and is here indicated, e⁷, is rotated in suitable bearings by means of a belt, e⁸, driven by a shaft, e⁹, which is rotated by the power of the loom. The object of rotating the contact-piece, e⁷, is to prevent interference with an operative electrical contact by particles of lint deposited on the contact-piece, the rotation of the contact-piece causing any lint that may have been deposited thereon to be scraped away by a contact-arm when the latter drops upon the contact-piece."

The defendant urges that, although the claim itself contains no allusion to the belt, or to any means for driving the contact-bar, yet from an examination of the specification and the drawings it is clear that the use of such belt is imperative in order to make the patent valid and effective; that a fifth element should be read into the claim in suit, namely, "(5) means for operating the contact-bar;" that the drawings show these means, namely, a belt and shaft; that the specification, as we have pointed out, describes the belt in terms, and that without the use of such mechanical means, and without reading this fifth element into it, the claim is fatally defective, as it alleges only a result, which is public property, and does not point out means by which the result is achieved; that under the provisions of the statute fixing the requisites of a specification and claim it is the duty of the patentee to make a full, clear, and concise written description of his invention; that this provision has been complied with by the patentee in his description of the operation of the contact-bar by the mechanical means of a belt; but that unless this use of the belt, or, in other words, this fifth element, is read into the claim, such claim is invalid, functional, inoperative, and void. Defendant insists with great force that the claim in suit, when construed to carry out the intention of the patentee as evidenced by the drawings and specification, contains by implication some mechanical means to give the desired round and round movement to the contact-bar; that in the word "rotary" is necessarily involved the idea of continuous rotation; that without such means of effecting the constant rotation the mechanism referred to in the claim in suit could not perform the special function of scraping away the interfering lint in the manner set forth in the specification and drawings; and that any construction of the claim in suit which would exclude such special function is not admissible.

The first and most important question for the court is, must a fifth element, namely, some power-actuating mechanism, be read into the claim at issue, in order to make it effective and valid? In addressing ourselves to this question, it is necessary to inquire what is meant by a "rotary contact-bar." In Webster's Dictionary "rotary" is defined thus: "Turning, as a wheel on its axis." In the Century Dictionary, the following definition appears: "Rotary. Turning round and round, as a wheel on its axis." A rotary tubular steam boiler is defined as a "tubular boiler with a cylindrical shell supported by trunnions to permit revolution." We do not find anything in the primary definition of "rotary" to indicate that necessarily the idea of continuous rotation is involved in the term. The specification indicates that the inventor had in mind a mechanical means of operating the rotary contact-bar.

His specification and drawings clearly indicate this. But in the operation of the machine it was found that, in order to effect the result of removing the lint, it was not necessary to have a continuous rotary action of the bar by means of the driving mechanism; but that the bar could be rotated manually from time to time, and not continuously; and that this manual and occasional rotation would more simply and economically effect the result of scraping away the lint deposit. Although the patentee may have had in mind a belt or power-actuating mechanism for continuously rotating the contact-bar, we cannot come to the conclusion that the patent must be limited to this mechanical means of rotating the bar. The belt and driving wheel are not necessarily parts of the rotary contact-roll. They are distinct elements; and, under the rule of equivalents, if any other means can fairly be found for effecting the rotary motion, such means should be allowed. The primary thought in the mind of the inventor was a rotary contact-bar, such bar to rotate for the purpose of lint elimination. We do not think he should be limited to the mechanical means of such rotation, but that manual rotation should be permitted. We think that the patent should not be restricted by reading into the claim in suit the element contended for by the defendant. If we should so construe the patent as to compel the reading into it of this fifth element, namely, the mechanical means for driving the contact-bar, such forcing of this element into the claim must be done for the purpose of limiting it. In our opinion, the claim should not be so limited. The natural reading of it makes it consist of the four elements which we have enumerated. To force into it the fifth element, for the purpose of limiting it, is not, in our opinion, a thing favored by the patent law. The claim of this patent seems to us clear upon its face, and not to require interpretation. In Deering v. Winona Harvesting Works, 155 U. S. 286, 15 Sup. Ct. 118, 39 L. Ed. 153, Mr. Justice Brown, speaking for the Supreme Court, says:

"Admitting that additional elements are necessary to render the device operative, it does not necessarily follow that the omission of these elements invalidates the claim, or that the precise elements described in the patent as rendering it operative must be read into the claim. If Steward were in fact the first to invent the pivotal extension to a butt-adjuster, he is entitled to the patent therefor, though the infringer may make use of other means than those employed by him to operate it."

Lake Shore Co. v. Brake Shoe Co., 110 U. S. 229, 4 Sup. Ct. 33, 28 L. Ed. 129; Loom Co. v. Higgins, 105 U. S. 580, 26 L. Ed. 1177; Canda v. Michigan Malleable Iron Co. (C. C. A.) 124 Fed. 486; Thomson-Houston Elec. Co. v. Union Ry. Co. (C. C.) 84 Fed. 890.

In Westinghouse v. N. Y. Air Brake Co. (C. C.) 59 Fed. 581, Judge Townsend says the rule that the claim must be limited to the invention does not necessitate reading into the claim something not specified or necessarily implied therein. In allowing the complainant, under the fifth claim of the patent before us, a manual turning of the contact-roll, we are not introducing a new function into the machine, but merely a new use of its described functions. Even though this use was not thought of by the patentee, it is none the less a use which a fair and natural construction of the patent allows, and which an economical opera-

tion of the loom suggested. An inventor need not know or contemplate all the uses to which his subcombinations may be put. He is protected in any and every use. The court is of the opinion that it is its duty, in giving to the patent its natural interpretation, to broaden it, rather than to force a narrow and limited construction upon it. We are persuaded to this belief by the testimony, which shows that the patent is a primary one in the field to which it is confined, in that it is the primary invention in the art which deals with the problem of overcoming lint interference with the warp stop-motion of a loom. We recognize, however, that the distinction between primary and secondary patents is now given less force than formerly by the courts, for every patent may be regarded as primary within its field; and it follows, then, that every patent should have as broad an interpretation as the courts may fairly give it, and as full and fair a use of the doctrine of equivalents as the courts may fairly allow it. The defendant relies upon Long v. Pope Co., 75 Fed. 835, 21 C. C. A. 533, in which Judge Putnam holds that so much of the mere form given in the specification, drawing, and claim must be retained as is necessary to accomplish all the functions expressly enumerated. But in the case at bar we cannot find that the actuating mechanism contended for in the fifth element, suggested by the defendant to be read into the claim at issue, is necessary, within the meaning of the court in Long v. Pope Co. Giving the claim a fair construction under its natural reading, and applying fairly the doctrine of equivalents, we think that the manual rotation of the rotary contact-bar may be substituted for the mechanical rotation. We are aided in reaching this result by a study of the conclusions of the Circuit Court of Appeals in this circuit as announced by Judge Putnam in Long v. Pope Co., cited supra, and in the Reece Case, 61 Fed. 958, 10 C. C. A. 194. The court is, then, of the opinion that the claim at issue must be construed as presenting a complete and operative mechanism, consisting of four elements, which we have named; and that there is no necessity for reading into it the power-actuating mechanism claimed by the defendant as a fifth element.

In the matter of anticipation, the defendant cites and refers to the Prest, Goldschmidt, and Crompton patents. None of these patents had the rotary contact-bar. It does not seem to us that it is necessary to complicate the case with any long discussion of these alleged anticipatory patents. The contact-bars in all of them are not rotary, but stationary, and hence cannot be cited as anticipatory to the patent in suit. The defense also refers to the Pain patent. This patent is in the musical art, which we cannot regard as an analogous art. Assuming that the patentee is presumed at law to have known of the Pain patent, the transfer of the device to the new use involved in the art which we are now discussing involved invention. This whole question of a new use is fully discussed and settled in C. & A. Potts & Co. v. Creager, 155 U. S. 597, 15 Sup. Ct. 194, 39 L. Ed. 275. We have examined this question and discussed it fully in an opinion which has just been sent down by this court in Thomson-Houston Elec. Co. v. Ohio Brass Co., 130 Fed. 542.

Has this patent been infringed? The decision of the question of infringement is involved in the conclusion of the court that the patent

must be construed as a complete and operative mechanism consisting of four elements, and that the fifth element should not be read into it. Without limiting the claim at issue by this fifth element, under the broad construction of the claim as consisting of four elements, the defendant clearly infringes. The testimony shows that Coldwell and Gildard, after having information of the complainant's construction, and of its use of a rotary roll without a belt to drive it, designed the stop-motions which were used by the defendant. The defendant justifies under the Coldwell and Gildard patents. But the testimony convinces the court that the machine used by the defendant has a "rotary contact-bar" and all the other elements involved in the construction which we have given to the claim at issue.

It is contended by the complainant that by reason of the willful acts of infringement by the defendant he should be held in triple damages. The court should not award triple damages unless the evidence clearly warrants it. We do not, however, pass upon this question at this point in the case, but leave it until after an accounting before a master. We do, however, find that the patent is valid, has not been anticipated, and that it has been infringed by the defendant.

A decree is to be entered for complainant for an injunction and an accounting.